## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF NEW YORK

_____

Ricky L. Winters

                                        Plaintiff,

        v.                                              3:25-CV-1408
                                                        (GTS/MJK)

N.Y.S. Police, *et. al.*,


                                        Defendant.


_____

Ricky L. Winters, Plaintiff *pro se*

Mitchell J. Katz, U.S. Magistrate Judge

To the Honorable Glenn T. Suddaby, U.S. District Judge:

## ORDER & REPORT- RECOMMENDATION

On September 11, 2025, Winters began this action by filing a Complaint and moving for leave to proceed *in forma pauperis* ("*IFP*") in the Western District of New York. (Dkts. 1, 2). Nearly a month later, that Court transferred this case to this district. (Dkt. 7). Winters again moved for leave to proceed *IFP*. (Dkt. 10). The Clerk of this district then sent Winters's Complaint and *IFP* application to this Court for review. (Dkts. 1, 10).

## I.    BACKGROUND

In the morning of June 19, 2025, Defendants J.L. Sedlacek and Unknown Tioga County Sheriff's Deputy arrived at Winters's home in response to a domestic dispute. (Complaint, Dkt. 1, at pg. 14).[1] When they arrived, Sedlacek and Unknown Deputy asked if they could talk to Winters about threatening Pamela Wolcott. *See* (*Id.*). In response, Winters told the deputies that he did not threaten Wolcott. (*Id.*). He only announced his intentions to go see if the gate was unlocked, and if it was, he was going to visit their dog. (*Id.*) After hearing this, Sedlacek started getting upset. (*Id.*). Winters then asked the deputies if he was under arrest and Sedlacek answered no. (*Id.*). With that, Winters asked both deputies to leave. (*Id.*).

Shortly after being told to leave, Sedlacek lunged at Winters and tried to remove him "from the threshold of [his] front door." (*Id.*). But they failed. (*Id.*). The deputies followed Winters into his home and attempted to corral him. (*Id.*). Winters then said, "before someone gets seriously hurt here, I am only saying this once, if I'm under arrest tell me I'm under arrest." (*Id.*) (cleaned up). Sedlacek responded you are

---

[1]  All citations refer to the CM/ECF pagination.

under arrest. (*Id.*). Immediately, Winters stopped all resistance. (*Id.*). Winters then asked Sedlacek what charge he was being arrested for, and Sedlacek answered "you're not under arrest I am detaining you." (*Id.*) (cleaned up). An irate Winters responded, "the fuck you are, get these hand cuffs off of me and get the fuck out of my house right now." (*Id.*). The deputies refused. (*Id.*). They then dragged Winters out of his home and placed him in a Sheriff's vehicle. (*Id.*). After this, Wolcott gave Sedlacek a supporting deposition, the deputies transported Winters to Owego Barracks, and then two officers charged Winters with making a terroristic threat. (*Id.* at pg. 12).

Winters has been incarcerated for over 65 days. (*Id.* at pg. 11).

Winters now brings this 42 U.S.C. § 1983 lawsuit alleging that the Defendants have violated the Due Process clause because they arrested him without a warrant—and committed a host of state-law torts, including malicious prosecution. (*Id.* at pgs. 3, 5). Winters requests the District Court "immediately intervene and order [his] immediate release, reinstating [his] liberty." (*Id.* at pg. 5). Winters also requests $10,000,000 in damages. (*Id.*).

## II.    *IFP* APPLICATION

Winters declares in his *IFP* applications that he is unable to pay the filing fee. (Dkt. 2). And after reviewing his application, this Court finds that Winters is financially eligible for *IFP* status.

## III.    STANDARD OF REVIEW

On their own, courts can dismiss a case—at any time—if they determine that an action is (1) frivolous or malicious; (2) fails to state a claim on which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. § 1915 (e)(2)(B)(i)-(iii).

When determining whether an action is frivolous, courts must consider whether the complaint lacks an arguable basis in law or fact. *See Neitzke v. Williams*, 490 U.S. 319, 325 (1989) (cleaned up); 28 U.S.C. § 1915. Dismissal of frivolous actions is appropriate to prevent abuses of court process as well as to discourage the waste of judicial resources. *Neitzke*, 490 U.S. at 327; *Harkins v. Eldredge*, 505 F.2d 802, 804 (8th Cir. 1974).

Courts must show liberality toward *pro se* litigants and use extreme caution when *sua sponte* dismissing *pro se* complaints. *See*

*Fitzgerald v. First E. Seventh St. Tenants Corp.*, 221 F.3d 362, 363 (2d Cir. 2000). Still, courts have a responsibility to determine that a claim is not frivolous before permitting a plaintiff to proceed. *See id.*

## IV.   DISCUSSION

**The District Court should dismiss Winters's Complaint because it lacks subject matter jurisdiction, and if it does not, §1983 is the not the correct vehicle for Winters's allegations.**

The Court recommends dismissing Winters's case. First, the Court examines whether the District Court has subject matter jurisdiction over Winters's Case. It does not. So the Court recommends the District Court dismiss the Complaint. Second, the Court examines whether 42 U.S.C. §1983 is the correct vehicle for Winters's Complaint. This Court finds that it is not. As a result, this Court again recommends dismissing Winters's Complaint.

### A. The District Court should abstain from hearing this case.

The Court recommends the District Court dismiss Winters's Complaint without prejudice and without leave to amend. Generally, Federal Courts must abstain from involving itself in a case where there is an on-going-state-court prosecution. Here, the Court finds that there is an on-going-state-court prosecution, the state has an interest in

effectuating that prosecution, and Winters has an opportunity to have a state court adjudicate his due process claims. Thus, this Court recommends abstaining from Winters's case.

Federal courts are forbidden from enjoining ongoing state proceedings. *See Gristina v. Merchan,* 131 F.4th 82, 86 (2d Cir. 2025) (quoting *Younger v. Harris*, 401 U.S. 37, 43 (1971)). There are three circumstances that trigger *Younger* abstention: (1) state criminal prosecutions; (2) civil enforcement proceedings; and (3) civil proceedings that implicate a state's interest in enforcing the orders and judgments of its courts. *See Sprint Commc'ns, Inc. v. Jacobs*, 571 U.S. 69, 72-3 (2013); *see also Schorr v. DoPico*, 686 F. App'x 34, 36 (2d Cir. 2017) (summary order). "After applying the categorical *Sprint* approach," courts "consider three additional, non-dispositive factors to determine whether abstention is appropriate." *Lowell v. Vermont Dep't of Child. & Fams.*, 835 F. App'x 637, 639 (2d Cir. 2020) (summary order). The three additional factors are: whether "(1) there is a pending state proceeding, (2) that implicates an important state interest, and (3) the state proceeding affords the federal plaintiff an adequate opportunity for judicial review of his or her federal constitutional claims." *Spargo*, 351

F.3d a 75; *see also Falco v. Justices of Matrimonial Parts of Supreme Ct. of Suffolk Cnty.*, 805 F. 3d 425, 427 (2d Cir. 2015).

The District Court should abstain from involving itself in Winters's case. To start, Winters concedes that he was charged with a crime. (Complaint, Dkt. 1, at pg. 5). This concession, combined with his self-identification as a pre-trial detainee indicates that there is an on-going-state-court prosecution. (Complaint, Dkt. 1, at pgs. 4, 5). So the Court is in a circumstance that triggers *Younger* abstention. *See Sprint Commc'ns, Inc.*, 571 U.S. at 72-3.

That said, the Court looks at the three additional factions, which counsels in favor of abstaining. Winters's "criminal prosecution was proceeding when he brought this action before the district court." *Hansel v. Town Ct. for Town of Springfield, N.Y.*, 56 F.3d 391, 393 (2d Cir. 1995) (abstaining under *Younger*). So the first factor is clearly met. Turning to the second factor, "it is axiomatic that a state's interest in the administration of criminal justice within its borders is an important one." *Id.* So the second factor is also clearly met. Turning to the third factor, Winters can "raise his constitutional claims before a legally

trained judge both prior to trial, and after conviction on direct appeal"
so "the final requirement for *Younger* abstention is met." *Id.*

Because this case falls within the contours of *Younger*, the District
Court should dismiss Winters's Complaint.

### B. §1983 is the wrong vehicle for Winters's Complaint.

Should the Court disagree with the above recommendation, this
Court recommends dismissing Winters's Complaint without prejudice
and without leave to amend. An incarcerated individual cannot bring a
§1983 claim if the claim challenges the fact or duration of confinement.
Here, the Court finds that Winters's Complaint challenges the fact of
his confinement. So the Court recommends that the District Court
dismiss the Complaint.

"A prisoner may generally sue under § 1983, unless [their] claim
falls into that statute's implicit exception for actions that lie within the
core of habeas corpus." *Nance v. Ward*, 597 U.S. 159, 160 (2022)
(cleaned up). In fact, "a state prisoner's § 1983 action is barred . . . no
matter the relief sought" or "the target of the prisoner's suit . . . *if*
success in that action would necessarily demonstrate the invalidity of
confinement or its duration." *Wilkinson v. Dotson*, 544 U.S. 74, 81–82
(2005) (cleaned up). "Such a challenge is just as close to the core of

habeas corpus as an attack on the prisoner's conviction, for it goes directly to the constitutionality of [their] physical confinement itself." *Preiser v. Rodriguez*, 411 U.S. 475, 489 (1973) (cleaned up). So examining *Preiser* and its progeny, courts must ask whether the §1983 claim being brought goes to the core of habeas. *See Nance*, 597 U.S. at 160.

Winters's claim goes to the core of habeas. Again, Winters concedes that he was charged making a terroristic threat. (Complaint, Dkt. 1, at pg. 12). This concession permits the Court to infer that Winters is being held pre-trial (which he also acknowledges). (*Id.* at pg. 3). And pre-trial detention is permissible. *See generally*, *Bell v. Wolfish,* 441 U.S. 520, 535-41 (1979) (discussing the constitutionality of pre-trial detention). While being detained pre-trial, Winters filed this lawsuit and requested this Court "immediately intervene and order [his] immediate release, reinstating [his] liberty." (Complaint, Dkt. 1, at pg. 5). That request is a request to immediately release him from prison; making the Complaint a challenge to the fact of his conviction. That goes to the core of habeas. And because it does, Winters cannot bring his claim under §1983. *See, e.g., Bentely v. Thomas,* No. 22-CV-8215,

2022 WL 14054223, at *2 (S.D.N.Y. Oct. 24, 2022) (rejecting a §1983 challenge to the fact or duration of the plaintiff's confinement).

To sum up, the District Court should dismiss the case and instruct Winters to file a habeas petition if it reaches this issue.

### C. The District Court should not allow Winters to amend his Complaint.

Generally, before courts dismiss a pro se complaint or any part of the complaint on its own, they should afford the plaintiff the opportunity to amend at least once; but leave to re-plead may be denied where any amendment would be futile. *See Ruffolo v. Oppenheimer & Co.*, 987 F.2d 129, 131 (2d Cir. 1993). Futility is present when the problem with a plaintiff's causes of action is substantive such that better pleading will not cure it. *See Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (citation omitted). Here, the state-court process has not finished. So any malicious prosecution claim Winters can bring is not ripe. As to the alternative recommendation, Winters needs to bring his due process claim as a habeas petition rather than a §1983 Complaint. So any amendment to the current Complaint would be futile.

## V. CONCLUSION

**WHEREFORE,** based on the findings above, it is

**RECOMMENDED,** that Winters Complaint should be

**DISMISSED WITHOUT PREJUDICE** and **WITHOUT LEAVE TO**

**AMEND**; and it is further

**ORDERED**, that Plaintiff's motion to proceed *IFP* (Dkt. 10) is

**GRANTED**; and it is further

**ORDERED** that the Clerk provide Plaintiff with copies of the

unpublished decisions cited herein in accordance with *Lebron v.*

*Sanders*, 557 F.3d 76 (2d Cir. 2008) (*per curiam*).

In accordance with 28 U.S.C. § 636(b)(1) and Local Rule 72.1(c),

the parties have fourteen (14) days within which to file written

objections to the foregoing report. Such objections shall be filed with the

Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT**

**WITHIN FOURTEEN DAYS WILL PRECLUDE APPELLATE**

**REVIEW.** *See Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (citing

*Small v. Sec. of Health & Human Servs.*, 892 F.2d 15 (2d Cir. 1989)); 28

U.S.C. § 636 (b)(1); Fed. R. Civ. P. 6(a), 6(e), 72.

Dated: November 19, 2025.

_____
Hon. Mitchell J. Katz
U.S. Magistrate Judge

Case 3:25-cv-01408-GTS-MJK    Document 12    Filed 11/19/25    Page 12 of 23

Bently v. Thomas, Not Reported in Fed. Supp. (2022)

2022 WL 14054223
Only the Westlaw citation is currently available.
United States District Court, S.D. New York.

Garfield D. BENTELY, also known as Garfield D. Bentley, Plaintiff,

v.

John THOMAS, Newburgh Police; David Hoovler, D.A. County
of Orange; Orange County Court: City of Newburgh, Defendants.

22-CV-8215 (LTS)
|
Signed October 24, 2022

**Attorneys and Law Firms**

Garfield D. Bentely, Elmira, NY, Pro Se.

ORDER OF DISMISSAL

LAURA TAYLOR SWAIN, Chief United States District Judge:

 **\*1**  Plaintiff, who is currently incarcerated at Elmira Correctional Facility, brings this *pro se* action under 42 U.S.C. § 1983. He seeks to overturn his 2017 conviction from the County Court, Orange County, and requests damages for his allegedly wrongful conviction. By order dated September 27, 2022, the Court granted Plaintiff's request to proceed *in forma pauperis,* that is, without prepayment of fees. [1]

**STANDARD OF REVIEW**

The Prison Litigation Reform Act requires that federal courts screen complaints brought by prisoners who seek relief against a governmental entity or an officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). The Court must dismiss a prisoner's *in forma pauperis* complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b); *see Abbas v. Dixon,* 480 F.3d 636, 639 (2d Cir. 2007). The Court must also dismiss a complaint if the court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

**BACKGROUND**

On October 5, 2017, a jury in the County Court, Orange County, convicted Garfield Butler of burglary in the second degree, criminal contempt in the first degree (three counts), criminal contempt in the second degree (five counts), criminal obstruction of breathing or blood circulation, falsely reporting an incident in the third degree, and stalking in the third degree. *People v. Bentley,* 127 N.Y.S.3d 779, 780 (2nd Dept. Feb. 28, 2020), *leave denied,* 36 N.Y.3d 969 (Dec. 20, 2020). He is currently challenging that conviction in a petition for a writ of *habeas corpus* under 28 U.S.C. § 2254. *Bentley v. Superintendent,* ECF 7:22-CV-3818, 25 (PMH) (S.D.N.Y.). In that action, the government has been directed to respond to his petition not later than October 31, 2022. [2]

Bentely v. Thomas, Not Reported in Fed. Supp. (2022)

Case 3:25-cv-01408-GTS-MJK    Document 12    Filed 11/19/25    Page 13 of 23

Plaintiff Butler alleges that the claims that he brings in this complaint arose on October 19, 2016, when the alleged victim called 911, claiming that Plaintiff had poured some substance on her. (ECF 2 at 5.) Police officers went to the victim's home, but according to Plaintiff, they did not take items of the victim's clothing (a red dress, a bra, and a black sweater), which were later used as evidence at his criminal trial. (*Id.* at 5.) Plaintiff contends that the victim "tampered with the evidence" and that "the chain of custody was violated." (*Id.*) On this basis, Plaintiff asks the Court to "set [him] FREE" and "dismiss the indictment, Case #2016-629." (*Id.*) He further contends that he has been "falsely imprisoned for a said crime that [he] didn't commit." (*Id.*)

**\*2** Plaintiff brings this suit against the "Orange County Court," District Attorney David Hoover, the "City of Newburgh Police," and Detective John Thomas, of the "Newburgh Police Crime Scene." Plaintiff seeks to overturn his conviction and seeks $50 million in damages for his allegedly wrongful confinement. (*Id.* at 6.) He also seeks to prosecute criminal charges against Detective Thomas, District Attorney Hoover, and his defense counsel from the Legal Aid Society, "Ms. Hernon," who was not named as a defendant. (*Id.*)

### DISCUSSION

**A. Eleventh Amendment immunity**

"[A]s a general rule, state governments may not be sued in federal court unless they have waived their Eleventh Amendment immunity, or unless Congress has abrogated the states' Eleventh Amendment immunity ...." *Id.* at 366. "The immunity recognized by the Eleventh Amendment extends beyond the states themselves to state agents and state instrumentalities that are, effectively, arms of a state." *Id.* Plaintiff names the County Court, Orange County, as a defendant in this action. The County Court is part of the New York State Unified Court System, N.Y. Const. Art. VI, § 29(a), [3] and as such, it "is unquestionably an 'arm of the State.' " *Gollomp v. Spitzer*, 568 F.3d 355, 368 (2d Cir. 2009); *Id.* at 366-67 ("The County Court of the State of New York is an integral part of the State's Unified Court System, *see* N.Y. Const. Art. VI, §§ 1 & 10–11, and as such is an arm of the State of New York.") (citation omitted).

New York has not waived its Eleventh Amendment immunity to suit in federal court, and Congress did not abrogate the states' immunity in enacting 42 U.S.C. § 1983. *See Trotman v. Palisades Interstate Park Comm'n*, 557 F.2d 35, 40 (2d Cir. 1977). Because the County Court, Orange County, is an arm of the State of New York, the Eleventh Amendment bars Plaintiff from pursuing his Section 1983 claims against this defendant in federal court. Plaintiff's Section 1983 claims against the County Court, Orange County, are therefore dismissed based on Eleventh Amendment immunity.

**B. Challenge to conviction**

Plaintiff may not challenge the validity of his conviction or obtain release from custody in a Section 1983 action. *See Heck v. Humphrey*, 512 U.S. 477, 486 (1994) ("[C]ivil tort actions are not appropriate vehicles for challenging the validity of outstanding criminal judgments."). A prisoner must bring a *habeas* petition, rather than a Section 1983 action, when the prisoner challenges "the fact or duration of his confinement" and seeks either "immediate release from prison," or the "shortening" of his term of confinement. *Wilkinson v. Dotson*, 544 U.S. 74, 79 (2005) (citing *Preiser v. Rodriguez*, 411 U.S. 475, 489 (1973)); *Nance v. Ward*, 142 S. Ct. 2214, 2221 (2022) (noting that the literal language of Section 1983 would allow it to be used to challenge a conviction but that the Supreme Court has "insisted that [Section] 1983 contains an 'implicit exception' for actions that lie 'within the core of *habeas corpus*.' ") (citation omitted).

**\*3** Plaintiff has a pending petition for a writ of *habeas corpus* under Section 2254, in which he is seeking to overturn the same conviction. *Bentley*, ECF 7:22-CV-3818, 2 (PMH) (S.D.N.Y.). Because such relief is unavailable in a civil rights action, the Court dismisses Plaintiff's Section 1983 claims seeking to overturn his conviction and release him from custody. These claims are dismissed without prejudice to Plaintiff's raising them in his pending Section 2254 petition.

Case 3:25-cv-01408-GTS-MJK    Document 12    Filed 11/19/25    Page 14 of 23

Bentely v. Thomas, Not Reported in Fed. Supp. (2022)

## C. Damages for wrongful conviction

In addition to asking the Court to overturn his conviction, Plaintiff seeks damages for his allegedly unlawful imprisonment. A prisoner cannot pursue a civil rights claim for damages that would necessarily be inconsistent with his conviction. *Heck*, 512 U.S. at 486-87. Thus, a plaintiff cannot seek relief for "the 'injury' of being convicted and imprisoned (until his conviction has been overturned)," *id.* at 477, n. 7, because such a claim is necessarily inconsistent with his conviction. Plaintiff's 2017 conviction has not been overturned, and any claim for damages for the injury of being imprisoned pursuant to this conviction would be necessarily inconsistent with his 2017 conviction and sentence. This Section 1983 claim is therefore dismissed under the doctrine established in *Heck*.

## D. Prosecuting criminal charges

Plaintiff cannot initiate the arrest and prosecution of an individual in this Court because "the decision to prosecute is solely within the discretion of the prosecutor." *Leeke v. Timmerman*, 454 U.S. 83, 87 (1981). Nor can Plaintiff direct prosecuting attorneys to initiate a criminal proceeding. Prosecutors have discretion whether or to bring criminal actions, and they are "immune from control or interference by citizen or court." *Conn. Action Now, Inc. v. Roberts Plating Co.*, 457 F.2d 81, 87 (2d Cir. 1972). Accordingly, the Court dismisses, for failure to state a claim, Plaintiff's allegations seeking to prosecute criminal charges against his defense counsel, the district attorney, and a police detective who gathered evidence for the criminal charges against Plaintiff. 28 U.S.C § 1915(e)(2)(B)(ii).

## E. Leave to Amend

District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects, but leave to amend is not required where it would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123–24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Because the defects in Plaintiff's complaint described above cannot be cured by amending his complaint to include additional allegations, the Court declines to grant Plaintiff leave to amend his complaint.

## CONCLUSION

Plaintiff's complaint, filed *in forma pauperis* under 28 U.S.C. § 1915(a)(1), is dismissed because (1) he cannot attack his conviction in a civil rights action under 42 U.S.C. § 1983; (2) the *Heck* doctrine bars his claims for damages for wrongful imprisonment; (3) the Orange County Court enjoys Eleventh Amendment immunity from suit; and (4) Plaintiff cannot prosecute criminal charges against defendants.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Clerk of Court is directed to enter judgment in this matter.

SO ORDERED.

## All Citations

Not Reported in Fed. Supp., 2022 WL 14054223

Bentely v. Thomas, Not Reported in Fed. Supp. (2022)

Case 3:25-cv-01408-GTS-MJK    Document 12    Filed 11/19/25    Page 15 of 23

## Footnotes

1    Prisoners are not exempt from paying the full filing fee even when they have been granted permission to proceed *in forma pauperis*. *See* 28 U.S.C. § 1915(b)(1).

2    By letter dated September 15, 2022, Bentley indicated in his pending Section 2254 proceeding, *Bentley*, 7:22-CV-3818, 26, that he was filing, or had filed, a motion under N.Y. CPL 440.10 in state court.

3    N.Y. Const. Art. VI, § 29(a) ("The legislature shall provide for the allocation of the cost of operating and maintaining the court of appeals, the appellate division of the supreme court in each judicial department, the supreme court, the court of claims, the county court, the surrogate's court, the family court, the courts for the city of New York established pursuant to section fifteen of this article and the district court, among the state, the counties, the city of New York and other political subdivisions.").

**End of Document**                    © 2025 Thomson Reuters. No claim to original U.S. Government Works.


KeyCite Yellow Flag

Distinguished by  Civil Rights Corps v. Pestana,  S.D.N.Y.,  May 5, 2022

686 Fed.Appx. 34

This case was not selected for publication in West's Federal Reporter.

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

United States Court of Appeals, Second Circuit.

David Evan SCHORR, Plaintiff-Appellant,

v.

Jorge DOPICO, in his official capacity as Chief Counsel of the First Judicial Department Disciplinary Committee in New York State, Ernest J. Collazo, in his official capacity as Chairman of the First Judicial Department Disciplinary Committee in New York State, Defendants-Appellees, A. Gail Prudenti, in her official capacity as Chief Administrative Judge of the Courts of New York State, First Judicial Department Disciplinary Committee in New York State, Defendants. *

16-3315-cv

|

April 06, 2017

**Synopsis**

**Background:** Attorney brought § 1983 action against officials of state attorney disciplinary committee alleging retaliation under First and Fifth Amendments. The United States District Court for the Southern District of New York, Sweet, J., 205 F.Supp.3d 359, dismissed complaint. Attorney appealed.

**Holdings:** The Court of Appeals held that:

[1] district court properly abstained from hearing his case under *Younger* abstention doctrine, and

[2] attorney's allegations were insufficient to show subjective bad faith on part of disciplinary committee, as required for bad faith exception to *Younger* abstention doctrine to apply.

Affirmed.

**Procedural Posture(s):** On Appeal; Motion to Dismiss.

West Headnotes (2)

[1]    **Federal Courts**  🔑  Professional or other services;  malpractice

Focus of attorney's § 1983 claims against attorney disciplinary committee was an ongoing state proceeding, and thus district court properly abstained from hearing his case under *Younger* abstention doctrine, even though disciplinary committee had not yet brought charges against attorney in a formal hearing, where the disciplinary proceedings were pending at the time attorney filed his § 1983 complaint and continued during federal court proceedings. 42 U.S.C.A. § 1983.

11 Cases that cite this headnote

More cases on this issue

[2]    **Federal Courts** 🔑 Professional or other services; malpractice

Attorney's allegation that state attorney disciplinary committee re-opened its investigation into his alleged misconduct, in violation of its own rules, in order to retaliate against attorney for requesting a formal disciplinary hearing was insufficient to show subjective bad faith on the part of disciplinary committee, as required for bad faith exception to *Younger* abstention doctrine to apply to preclude federal court's abstention from hearing attorney's § 1983 action against disciplinary committee, absent allegation that reopening was aimed at harassing attorney. 42 U.S.C.A. § 1983.

7 Cases that cite this headnote

More cases on this issue

Appeal from a judgment of the United States District Court for the Southern District of New York (Sweet, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED** and Appellant's motion to supplement the record is **DENIED**.

**Attorneys and Law Firms**

FOR PLAINTIFF-APPELLANT: David Schorr, Esq., pro se, New York, NY.

FOR DEFENDANTS-APPELLEES: Mark H. Shawhan, Assistant Solicitor General, New York State Office of the Attorney General, New York, NY.

PRESENT: PETER W. HALL, GERARD E. LYNCH, CHRISTOPHER F. DRONEY, Circuit Judges.

## *36  SUMMARY ORDER

Appellant David Schorr, an attorney proceeding *pro se*, sued two officials of the New York State Appellate Division, First Judicial Department Attorney Disciplinary Committee ("committee") under 42 U.S.C. § 1983, alleging retaliation under the First and Fifth Amendments. Schorr alleged that the committee unlawfully re-opened its investigation of Schorr's misconduct after he exercised his right to reject a private admonition and request a formal hearing. The district court dismissed the complaint under the *Younger* abstention doctrine and for failure to state a claim. Schorr appeals the judgment of the district court and moves to supplement the record on appeal with an email from opposing trial counsel explaining the circumstances of the district court's denial of Schorr's motion for a preliminary injunction based on Schorr's default. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

We review *de novo* dismissals based on *Younger* abstention. *Diamond "D" Constr. Corp. v. McGowan*, 282 F.3d 191, 197 (2d Cir. 2002). "In *Younger v. Harris*, the Supreme Court held that a federal court, except in cases where an injunction is necessary to prevent immediate and irreparable injury, should not enjoin a criminal proceeding in a state court." *Liberty Mut. Ins. Co. v.*

*Hurlbut*, 585 F.3d 639, 646 (2d Cir. 2009). A previous three-part test held that a federal court must abstain from hearing a case when "1) there is an ongoing state proceeding; 2) an important state interest is implicated; and 3) the plaintiff has an avenue open for review of constitutional claims in the state court." *Id.* at 647 (internal quotation marks omitted). In *Sprint Communications, Inc. v. Jacobs*, however, the Supreme Court cautioned that those three conditions "were not dispositive" because relying on them alone "would extend *Younger* to virtually all parallel state and federal proceedings ... where a party could identify a plausibly important state interest." *Sprint*, ─── U.S. ───, 134 S.Ct. 584, 593, 187 L.Ed.2d 505 (2013). Accordingly, the Supreme Court clarified that courts should abstain under *Younger* only in three "exceptional circumstances" that "define *Younger*'s scope": (1) pending state criminal proceedings; (2) civil enforcement proceedings that are "akin to criminal prosecutions"; and (3) civil proceedings that "implicate a State's interest in enforcing the orders and judgments of its courts." *See id.* at 588, 591. The Court specifically enumerated state-initiated attorney disciplinary proceedings for violations of state ethics rules as an example of civil enforcement proceedings. *See id.* at 592 (citing *Middlesex Cty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 433–34, 102 S.Ct. 2515, 73 L.Ed.2d 116 (1982)). While "it remains unclear how much weight" we should afford our previous three-part test after *Sprint*, district courts should not rely entirely on the older test. *See Falco v. Justices of the Matrimonial Parts of Supreme Court of Suffolk Cty.*, 805 F.3d 425, 427 (2d Cir. 2015).

 **[1]**    Although the district court erred when it relied only on the older three-part test for *Younger* abstention, it nonetheless properly dismissed Schorr's claims under the doctrine. The focus of Schorr's claims is an ongoing state attorney disciplinary proceeding, which falls squarely within *Younger* abstention. *See id.* ("On *de novo* review, however, we independently conclude that [the] case presents circumstances that qualify as 'exceptional' under *Sprint* and that *Younger* abstention was therefore warranted."); *see also Sprint*, 134 S.Ct. at 592. Schorr's argument that the proceeding is not ongoing because the committee has not yet brought charges in **\*37** a formal hearing is without merit. The disciplinary proceedings were pending at the time that Schorr filed the complaint in this action and they have continued since, including the initial scheduling of Schorr's deposition.

 **[2]**    The district court also correctly determined that the bad faith exception to the *Younger* doctrine does not apply here. A court may refuse to abstain when "a prosecution or proceeding has been brought to retaliate for or to deter constitutionally protected conduct, or where a prosecution or proceeding is otherwise brought in bad faith or for the purpose to harass." *Cullen v. Fliegner*, 18 F.3d 96, 103–04 (2d Cir. 1994). But "[a] state proceeding that is legitimate in its purposes, but unconstitutional in its execution—even when the violations of constitutional rights are egregious—will not warrant the application of the bad faith exception." *Diamond "D"*, 282 F.3d at 199. The plaintiff must therefore show subjective bad faith on the part of the defendants. *Id.* at 199–200. The plaintiff must demonstrate that the party bringing the state action has "no reasonable expectation of obtaining a favorable outcome." *Id.* at 199 (quoting *Cullen*, 18 F.3d at 103).

Schorr argues that he adequately pleaded bad faith by alleging that the committee re-opened its investigation, in violation of its own rules, in order to retaliate against him for requesting a formal hearing. Yet, this is not sufficient to show subjective bad faith on the part of the defendants. While Schorr is correct that the next steps after his request for a hearing were to present formal charges in front of a referee, *see* N.Y. Comp. Codes R. & Regs. tit. 22, §§ 605.6(e), 605.8 (2013), nothing in the regulations specifically prohibits the re-opening of an investigation. Even assuming that the committee's actions were improper, Schorr still failed plausibly to allege any facts showing bad faith. He asserted only that the re-opening of the investigation was unlawful and done in response to his request for a hearing. Even assuming *arguendo* that the re-opening was improper, the complaint does not sufficiently allege bad faith because it does not plausibly plead that the reopening was aimed at harassing Schorr. *See Diamond "D"*, 282 F.3d at 199–200. Nor is it a sign of bad faith that a staff attorney notified Schorr to comply with a subpoena compelling him to appear for an examination under oath or face suspension. Failure to comply with a committee subpoena warrants suspension. *Matter of Horowitz*, 14 A.D.3d 191, 193, 789 N.Y.S.2d 108 (1st Dep't 2005). Accordingly, the staff attorney's matter-of-fact statement concerning the repercussions of failing to comply with the committee's subpoena did not rise to the level of animus required to show bad faith.

In any event, Schorr cannot show that the committee would be unlikely to succeed in proving its charges. The committee found that Schorr violated N.Y. Comp. Codes R. & Regs. tit. 22, § 29.1, which prohibits the unauthorized audio recording of court proceedings, and thereby violated Rules of Professional Conduct 3.3(f)(3) and 8.4(d), which prohibit violations of tribunal

rules and conduct prejudicial to the administration of justice, respectively. Critically, Schorr admitted making an unauthorized recording of a court proceeding with his cell phone.

Finally, Schorr's argument that he was permitted to carry his phone in the courthouse misconstrues the meaning of the committee's admonition. It was not Schorr's possession of a cell phone that violated Rule 8.4(d), but his use of the **\*38** device to record a hearing surreptitiously. Despite Schorr's arguments to the contrary, the committee considered the circumstances surrounding the recording and mitigated his punishment to a private admonition. Since the committee already considered mitigating circumstances and imposed discipline, it would likely still impose discipline after a full hearing. The district court properly determined, therefore, that the bad faith exception did not apply.

Schorr also moves to supplement the record on appeal with an email explaining the circumstances of the district court's denial of his motion for a preliminary injunction to enjoin a deposition. Schorr, however, does not challenge on appeal the district court's order denying the preliminary injunction, and he has thus abandoned the issue. *See LoSacco v. City of Middletown*, 71 F.3d 88, 92–93 (2d Cir. 1995). Accordingly, his motion to supplement the record with regard to the denial of his request for a preliminary injunction is denied as moot: the issue is not before us on appeal.

We have considered all of Schorr's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the district court and **DENY** Schorr's motion to supplement the record.

**All Citations**

686 Fed.Appx. 34

---

### Footnotes

---

\*        The Clerk of the Court is respectfully directed to amend the caption as set forth above.

---

                                    © 2025 Thomson Reuters. No claim to original U.S. Government Works.

**WESTLAW**   © 2025 Thomson Reuters. No claim to original U.S. Government Works.

835 Fed.Appx. 637

This case was not selected for publication in West's Federal Reporter.

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

United States Court of Appeals, Second Circuit.

Miriam LOWELL, Seth Healey, Plaintiffs-Appellants,

v.

VERMONT DEPARTMENT OF CHILDREN AND FAMILIES, "DCF," Kenneth Schatz, Commissioner, DCF, Karen Shea, Deputy Commissioner for the Family Services Division ("FSD"), DCF, Christine Johnson, Deputy Commissioner for FDS, DCF, Emily Carrier, District Director, DCF, Catherine Clark, Director, Commissioner's Registry Review Unit, DCF, Kathleen Smith, Family Services Supervisor, Christine Gadwah, Family Services Worker, DCF, Kathleen Greenmun, Substantiation Hearing Officer, DCF, Defendants-Appellees, John and Jane Does 1-10, Defendants.

19-3987-cv

|

December 01, 2020

|

Amended December 15, 2020

**Synopsis**

**Background:** Parents brought action in federal court seeking declaratory and injunctive relief, and damages against the Vermont Department of Children and Families (DCF) and certain DCF officials, arising from DCF's investigation of purportedly false allegations of abuse. The United States District Court for the District of Vermont, Geoffrey W. Crawford, Chief Judge, denied parents motion for a temporary restraining order and preliminary injunction, but denied defendants' motion to dismiss. Plaintiffs appealed.

**[Holding:]** The Court of Appeals held that *Younger* abstention was warranted.

Affirmed.

**Procedural Posture(s):** Motion for Preliminary Injunction; Motion for Temporary Restraining Order (TRO).

West Headnotes (1)

**[1]    Federal Courts  ⬥  Families and children**

*Younger* abstention was warranted in parents' action against the Vermont Department for Children and Families (DCF) and certain DCF officials seeking declaratory and injunctive relief, arising from a DCF investigation into purportedly false allegations of child abuse; Vermont's substantiation process for abuse allegations was akin to a

criminal prosecution, Vermont had a vital interest in protecting the well-being of its children, the state proceedings provided a sufficient forum for review of federal constitutional claims, and the actions alleged in the complaint were not sufficient to sustain a finding of bad faith. 33 Vt. Stat. Ann. §§ 4915, 4915a, 4915b.

24 Cases that cite this headnote

More cases on this issue

**\*638**  Appeal from the United States District Court for the District of Vermont (Crawford, *Ch. J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the decision of the district court is **AFFIRMED**.

**Attorneys and Law Firms**

FOR PLAINTIFFS-APPELLANTS: COLIN R. HAGAN, Shlansky Law Group, LLP, Chelsea, Massachusetts.

FOR DEFENDANTS-APPELLEES: BENJAMIN D. BATTLES, Solicitor General, for Thomas J. Donovan, Jr., Attorney General, Montpelier, Vermont.

PRESENT: BARRINGTON D. PARKER, DENNY CHIN, Circuit Judges, JANE A. RESTANI, Judge. [*]

<u>**AMENDED SUMMARY ORDER**</u>

Plaintiffs-appellants Miriam Lowell and Seth Healey ("plaintiffs") appeal the decision of the district court issued November 18, 2019, denying their motion for a temporary restraining order and preliminary injunction. Plaintiffs brought the action below seeking declaratory and injunctive relief, and damages against defendant-appellant Vermont Department for Children and Families ("DCF") and certain DCF officials. DCF had brought a proceeding against plaintiffs seeking to investigate and determine whether to substantiate a report of child abuse or neglect based on purportedly false allegations. Plaintiffs sought injunctive relief to stop DCF from conducting an administrative hearing and listing their names on Vermont's child protection registry. In its ruling, the district court concluded that the *Younger* abstention doctrine barred plaintiffs' claims for injunctive relief. *See Younger v. Harris*, 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971). The court also denied defendants' motion to dismiss the action, noting that *Younger* abstention did not apply to plaintiffs' claims for damages. This appeal followed. We assume the parties' familiarity with the underlying facts, procedural history of the case, and the issues on appeal.

We review *de novo* whether the requirements for abstention have been met. *See Disability Rights New York v. New York*, 916 F. 3d 129, 133 (2d Cir. 2019);  **\*639**  *Diamond "D" Constr. Corp. v. McGowan*, 282 F.3d 191, 197-98 (2d Cir. 2002). Although the findings of facts are reviewed for clear error, whether those facts support a finding that the case meets an exception to the *Younger* abstention doctrine is a mixed question of law and fact that is reviewed *de novo*. *See id.* at 198.

As a general matter, *Younger* abstention requires federal courts to abstain from exercising jurisdiction over state-level proceedings. Three types of proceedings trigger *Younger* abstention: 1) "ongoing state criminal prosecutions," 2) state "civil enforcement proceedings," and 3) proceedings involving state courts "perform[ing] their judicial functions." *Sprint Commc'ns, Inc. v. Jacobs*, 571 U.S. U.S. 69, 70, 134 S.Ct. 584, 187 L.Ed.2d 505 (2013). Moreover, after applying the categorical *Sprint* approach, this court will consider three additional, non-dispositive factors to determine whether abstention is appropriate: 1) whether there is a "pending state proceeding," 2) whether that proceeding "implicates an important state interest," and 3) whether "the state proceeding affords an adequate opportunity for judicial review of ... federal constitutional claims." *Falco v. Justices of Matrimonial Parts of Supreme Ct. of Suffolk Cnty.*, 805 F. 3d 425, 427 (2d Cir. 2015) (citing *Middlesex Cnty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 102 S.Ct. 2515, 73 L.Ed.2d 116 (1982). Altogether, even if *Younger*'s prerequisites

are satisfied, a federal court may exercise jurisdiction if the plaintiff can make a showing of "bad faith, harassment or any other unusual circumstance that would call for equitable relief." *Id.* (quoting *Younger*, 401 U.S. at 54, 91 S.Ct. 746).

The district court correctly concluded that Vermont's substantiation process is akin to a criminal prosecution, falling within *Younger*'s second category. In determining whether a civil enforcement action is akin to a criminal proceeding, we consider whether the action involved a state sanctioning a party "for some wrongful act," was "initiated [by the State] to sanction the federal plaintiff," and involved "[i]nvestigations [that] culminat[e] in the filing of a formal complaint or charges." *Sprint*, 571 U.S. at 79-80, 134 S.Ct. 584. The substantiation process at issue here possessed these features. Therefore, DCF's proceeding constituted an ongoing state proceeding akin to a criminal prosecution.

The substantiation proceedings also satisfy the additional *Middlesex* factors. Vermont has a vital interest in protecting the well-being of its children. *See Moore*, 442 U.S. at 435, 99 S.Ct. 2371 ("Family relations are a traditional area of state concern."). Moreover, the state proceedings provide a sufficient forum for review of federal constitutional claims. After an accusation of wrongdoing, DCF can initiate an investigation. Vt. Stat. Ann. Tit. 33 § 4915, 4915a, 4915b. If DCF finds that the claims are substantiated, it provides notice of that fact to the accused. It also informs the accused that DCF can place the individual on the child protection registry. Vt. Stat. Ann. tit. 33 § 4916a(a). The accused is notified of the right to request administrative review of the decision, *id.*, which is conducted by a neutral arbiter who is not an employee of DCF, *id.* § 4916a(f). The burden of proof rests on DCF and the accused has the right to present documentary evidence and other evidence. *Id.* §§ 4916a(d), a(e). A person's name is not placed on the registry until after the accused is granted an administrative review, and the substantiation is upheld. *Id.* § 4916a(h). The accused can appeal that decision to the Human Services Board. *Id.* §§ 4916a(i), b. That decision, in turn may be appealed to the Vermont Supreme Court. *Id.* tit. 3 § 3091(f). Accordingly, plaintiffs have an opportunity to raise their constitutional claims at the hearing before **\*640** the Human Services Board and before the Vermont Supreme Court.

Plaintiffs argue that this review of their constitutional claims arrives too late, beyond the point that their names are listed on the child protection registry, potentially affecting their employment in an irreparable way. Plaintiffs' names, however, have not been placed on the child-protection registry, as the state has not held the administrative review not entirely made clear by the record. Moreover, in *Spargo v. New York State Comm'n on Judicial Conduct*, 351 F.3d 65, 79 (2d Cir. 2003), this Court held that the "*ability* to raise constitutional claims in subsequent 'state-court judicial review of [an underlying] administrative proceeding' is sufficient to provide plaintiffs with a meaningful opportunity to seek effective relief through state proceedings and bar federal courts from taking jurisdiction over the same claims while the state proceeding is pending" (emphasis added). Thus, the state process provides sufficient opportunity to raise constitutional claims.

Plaintiffs also argue that the district court should have applied the "bad faith" exception to *Younger,* and exercised jurisdiction because they have shown "bad faith" and "harassment" by defendants. *Diamond "D,"* 282 F.3d at 198 (quoting *Younger*, 401 U.S. at 54). The district court correctly held that the actions alleged in the complaint are not sufficient to sustain a finding of bad faith. To show bad faith, a plaintiff must show that "the state proceeding was initiated with and is animated by a retaliatory, harassing, or other illegitimate motive" and "ha[s] no reasonable expectation of obtaining a favorable outcome." *Diamond "D,"* 282 F.3d at 199. A state proceeding that "is legitimate in its purposes, but unconstitutional in its execution -- even when the violations of constitutional rights are egregious -- will not warrant the application of the bad faith exception." *Id.* (internal citation omitted). Here, the case was initially brought to the attention of a mental health counselor by the accusations of Lowell's daughter, not by the reporting of a DCF employee. Hence, the suggestion that the state proceeding was therefore initiated with a harassing or retaliatory motive, or that the state had no reasonable expectation of a favorable outcome, is not plausible, and plaintiffs have not met their burden of showing that the bad faith exception should apply.

We have reviewed plaintiffs' remaining arguments on appeal and conclude they are without merit. Accordingly, we **AFFIRM** the order of the district court denying plaintiffs' claims for a temporary restraining order and preliminary injunctive relief.

**All Citations**

835 Fed.Appx. 637

---

**Footnotes**

\*       Judge Jane A. Restani, of the United States Court of International Trade, sitting by designation.

---

            © 2025 Thomson Reuters. No claim to original U.S. Government Works.

   © 2025 Thomson Reuters. No claim to original U.S. Government Works.