UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

_____

RICKY LEE WINTERS,

                              Plaintiff,

                                                                          3:25-CV-1408
v.                                                                         (GTS/MJK)

N.Y.S. POLICE; TROOPER J.L. SEDLACK #5538;
TIOGA COUNTY DISTRICT ATTORNEY KIRK
O'MARTIN; A.D.A. CHERYL MANCINI; TIOGA
COUNTY SHERIFF'S DEPARTMENT; SHERIFF
GARY HOWARD; UNKNOWN/UNNAMED TIOGA
COUNTY SHERIFFS DEPUTY; and LT. EDWARDS,

                              Defendants.

_____

APPEARANCES:

RICKY LEE WINTERS
     Plaintiff, *Pro Se*
17 Main Street
Lockwood, New York 14859

GLENN T. SUDDABY, United States District Judge

## **DECISION and ORDER**

Currently before the Court, in this *pro se* civil rights action filed by Ricky Lee Winters

("Plaintiff") against the Tioga County Sheriff's Department, District Attorney Kirk O'Martin,

Assistant District Attorney Cheryl Mancini, Sheriff Gary Howard, Lieutenant Edwards, the New

York State Police, and Trooper J.L. Sedlack ("Defendants"), are (1) United States Magistrate

Judge Mitchell J. Katz's Report-Recommendation recommending that Plaintiff's Complaint be

dismissed without prejudice and without leave to amend for lack of subject-matter jurisdiction or

alternatively for failure to state a claim; and (2) Plaintiff's Objection, First Supplemental

Objection, and Second Supplemental Objection to the Report-Recommendation.   (Dkt. Nos. 12, 13, 14, 15.)   Although Plaintiff's Second Supplemental Objection (which is dated December 11, 2025, and postmarked December 13, 2025) is untimely, the Court has considered it, out of special solicitude to him as a *pro se* civil rights litigant.

Even when construed with the utmost of special leniency, Plaintiff's Objections contain no specific challenge[1] to any portion of the Report-Recommendation.   (*Compare* Dkt. Nos. 13-15 *with* Dkt. No. 12.)   In any event, even if Plaintiff's Objections could be liberally construed as containing specific challenges to various portions of the Report-Recommendation, the Court finds no error[2] in such portions, and no clear error[3] in the remaining portions of the Report-

---

[1]      To be "specific," an objection must, with particularity, "identify [1] the portions of the proposed findings, recommendations, or report to which it has an objection and [2] the basis for the objection."   N.D.N.Y. L.R. 72.1(c); *see also Mario v. P&C Food Markets, Inc.*, 313 F.3d 758, 766 (2d Cir. 2002) ("Although Mario filed objections to the magistrate's report and recommendation, the statement with respect to his Title VII claim was not specific enough to preserve this claim for review. The only reference made to the Title VII claim was one sentence on the last page of his objections, where he stated that it was error to deny his motion on the Title VII claim '[f]or the reasons set forth in Plaintiff's Memorandum of Law in Support of Motion for Partial Summary Judgment.' This bare statement, devoid of any reference to specific findings or recommendations to which he objected and why, and unsupported by legal authority, was not sufficient to preserve the Title VII claim.").

[2]      When a specific objection is made to a portion of a magistrate judge's report-recommendation, the Court subjects that portion of the report-recommendation to a *de novo* review.   Fed. R. Civ. P. 72(b)(2); 28 U.S.C. § 636(b)(1)(C).

[3]      When no specific objection is made to a report-recommendation, the Court subjects that report-recommendation to only a clear error review.   Fed. R. Civ. P. 72(b), Advisory Committee Notes: 1983 Addition. When performing such a clear error review, "the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Id.; see also Batista v. Walker*, 94-CV-2826, 1995 WL 453299, at *1 (S.D.N.Y. July 31, 1995) (Sotomayor, J.) ("I am permitted to adopt those sections of [a magistrate judge's] report to which no specific objection is made, so long as those sections are not facially erroneous.") (internal quotation marks omitted).

Recommendation: Magistrate Judge Katz employed the proper standards, accurately recited the facts, and reasonably applied the law to those facts.    (*See generally* Dkt. No. 12.)    As a result, the Report-Recommendation is accepted and adopted for the reasons set forth therein, and Plaintiff's Complaint is dismissed without prejudice and without leave to amend.

**ACCORDINGLY**, it is

**ORDERED** that Magistrate Judge Katz's Report-Recommendation (Dkt. No. 12) is **ACCEPTED** and **ADOPTED** in its entirety; and it is further

**ORDERED** that Plaintiff's Complaint (Dkt. No. 1) is **DISMISSED** **without prejudice** and **without leave to amend**.

Dated: March 24, 2026
      Syracuse, New York

_____
HON. GLENN T. SUDDABY
United States District Judge